UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD NICHOLSON,<br><br>                Petitioner,<br><br>   v.<br><br>RENEE BAKER, *et al.*,<br><br>                Respondents. | Case No. 3:16-cv-00486-MMD-WGC<br><br>ORDER |

Before the Court is Respondents' motion to dismiss (ECF No. 10) Petitioner's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 5). Petitioner has not opposed, and the time for doing so has expired.

**I.    BACKGROUND**

Petitioner in this case challenges his state court convictions pursuant to a jury verdict of one count of burglary while in possession of a deadly weapon, two counts of battery constituting domestic violence with use of a deadly weapon resulting in substantial bodily harm, one count of child abuse and neglect with substantial bodily harm, and two counts of child abuse and neglect. (ECF No. 13-18.) The convictions arose from an incident on June 21, 2006, in which Petitioner beat his ex-girlfriend and her three daughters with a baseball bat.

Following the evidence at trial, Petitioner's attorney asked the court for an advisory verdict on the child abuse and neglect charges on the grounds that the two child victims who were the subjects of the charges did not testify. (ECF No. 12-22 at 19.) The court denied the request. (*Id.* at 19-20.) On direct appeal, Petitioner argued that the trial court

erred by refusing to give the advisory instruction, a claim the Nevada Supreme Court rejected. (ECF No. 14-1; ECF No. 14-8.)

On June 26, 2012, Petitioner filed a petition for writ of habeas corpus in state court. (ECF No. 14-13.) Appointed counsel thereafter filed a supplemental petition. (ECF No. 14-19.) Together, the Petition and supplemental petition raised two claims: (1) trial counsel was ineffective for failing to investigate or obtain information pertaining to Petitioner's psychiatric history and for failing to investigate or call an eyewitness to the incident, Solomon Genovese; and (2) Petitioner's rights to due process and a fair trial were violated because he was not competent at the time of trial or at sentencing. (ECF No. 14-13; ECF No. 14-19.) The trial court denied all of Petitioner's claims after an evidentiary hearing. (ECF No. 15-2; ECF No. 16-14; ECF No. 16-28.)

On appeal of the trial court's decision, Petitioner argued only his claim that counsel was ineffective for failing to investigate or interview Genovese. (*See* ECF No. 18-6 at 6-7.) The Nevada Court of Appeals affirmed the trial court's decision. (ECF No. 18-27.) Petitioner thereafter filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II.    STANDARD

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee upon which she relies and must also state the facts that entitle her to relief on that federal claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement

ensures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

## III.   ANALYSIS

The Petition in this case asserts three grounds for relief. Respondents argue that part of Ground 1 and all of Ground 3 are unexhausted.

### A.   GROUND I

Ground 1 asserts two claims of ineffective assistance of counsel. Respondents argue that the second claim—Ground 1(b)—has not been exhausted.[1]

Ground 1 asserts a Sixth Amendment ineffective assistance of counsel claim. (ECF No. 5 at 3.) In Ground 1(b), Petitioner asserts that "[k]nowing the court gave a defective reasonable doubt instruction," trial counsel's request for an advisory instruction was inappropriate. (*Id.*) "Trial counsel should have objected and raise[d] claim the omission from [court's] charge to the jury of all the necessary elements of offenses constituted fundamental error and relieving state of burden of proof." (*Id.*)

Petitioner did not raise this claim of ineffective assistance of counsel at any time before the Nevada Supreme Court. The related claim, raised on direct appeal, that the trial court erred in denying an advisory verdict, did not exhaust this claim, not only because it alleged a different legal theory but also because it did not allege the facts that are asserted in Ground 1(b) of the Petition—specifically that trial counsel was ineffective for seeking an advisory instruction and should have instead objected to the trial court's instructions on the elements of his offenses. Ground 1(b) is therefore unexhausted.

### B.   GROUND 3

In Ground 3, Petitioner asserts a Fourteenth Amendment claim of denial of due process and fair trial on the grounds that he was not competent at the time of trial and

---

[1]While Respondents split subpart (b) of Ground 1 into three parts—1(b), 1(c) and 1(d)—the Court sees no reason to deviate from Petitioner's own numbering, particularly as regardless of how the claim is split, it is unexhausted in its entirety.

sentencing. (ECF No. 5 at 7.) Although Petitioner's state habeas petition contained a similar claim, Petitioner did not raise the denial of this claim in his appeal to the Nevada Supreme Court. (*See* ECF No. 18-6.) Accordingly, Petitioner did not fairly present the claim in Ground 3 to the state's highest court, and the claim is therefore unexhausted.

## IV.    OPTIONS ON A MIXED PETITION

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Petitioner's Petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire Petition without prejudice in order to return to state court to dismiss the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

Petitioner is cautioned that stays are available only in limited circumstances and that if he files a motion to stay and abey, he must show good cause for the failure to exhaust and that his claims are not plainly meritless. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005). If Petitioner fails to file a motion as set forth above, his Petition will be dismissed without prejudice as a mixed petition.

## V.    CONCLUSION

It is therefore ordered that Respondents' motion to dismiss the Petition (ECF No. 10) is granted. The Court hereby finds Grounds 1(b) and 3 to be unexhausted.

It is further ordered that Petitioner will have thirty (30) days from entry of this Order within which to mail to the Clerk for filing either: (1) a motion to dismiss seeking partial dismissal only of the unexhausted claims; (2) a motion to dismiss the entire Petition

without prejudice in order to return to state court to dismiss the unexhausted claims; and/or (3) other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims. The entire Petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

DATED THIS 22nd day of May 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE