UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RICHARD NICHOLSON,

    Petitioner,

v.

RENEE BAKER, *et al.*,

    Respondents.

Case No. 3:16-cv-00486-MMD-WGC

ORDER

**I.    SUMMARY**

Petitioner Richard Nicholson has brought this habeas corpus proceeding under 28 U.S.C. § 2254 with the assistance of counsel. Before the Court is Respondents' Motion to Dismiss (the "Motion") (ECF No. 45) certain claims in Nicholson's First Amended Petition for Writ of Habeas Corpus (ECF No. 38). Nicholson has opposed the Motion (ECF No. 51),[1] and Respondents have replied (ECF No. 54). For the reasons discussed below, the Motion is granted in part and denied in part.

**II.    BACKGROUND**[2]

Nicholson challenges a 2010 conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("State Court"). In June 2006, police officers responded to a family disturbance call and Nicholson was charged with striking his ex-girlfriend and her teenage daughter with a baseball bat. (ECF Nos. 3, 41-2.) Within weeks, Nicholson's appointed counsel requested a competency determination. (ECF No. 11-5.)

---

[1]The Court notes that Nicholson's response (ECF No. 51) is 29 pages long, excluding the certificate of service. The Local Rules of Civil Practice expressly limit such responses to 24 pages, and motions to exceed pages limits are disfavored. LR 7-3(b), (c). Petitioner's counsel did not seek leave of the Court to file an extended response.

[2]This procedural history is derived from the State Court record located at ECF Nos. 11 through 19, 39, and 41.

1

Although Nicholson was found competent (ECF No. 39-1), trial counsel continued to question his competency as the case moved forward. (ECF Nos. 12-14, 12-17, 39-2; see also ECF No. 11-9 at 28.)

Following a two-day trial, a jury returned a guilty verdict in May 2009. (ECF No. 12-24.) Trial counsel revisited the issue of Nicholson's competency in July 2009. (ECF No. 11-9 at 37.) New counsel was appointed the following month (*id.* at 38), and she also doubted Nicholson's competency. (ECF No. 13-5.) Doctors reported some decomposition in new evaluations. (ECF No. 39-3.) Thus, in June 2010, the State Court committed Nicholson to receive treatment. (ECF No. 13-7.) Three months later, he completed treatment and was found competent to complete his case. (ECF No. 13-13.)

Sentencing went forward, and the state court entered a judgment of conviction on November 10, 2010, giving Nicholson an aggregate sentence of 17 to 50 years in prison.[3] Nicholson appealed. On September 29, 2011, the Nevada Supreme Court affirmed Nicholson's conviction on direct appeal. (ECF No. 14-8.)

Nicholson filed a *pro se* state petition for writ of habeas corpus ("State Petition") on January 26, 2012, seeking post-conviction relief. (ECF No. 14-13.) Counsel was later

---

[3]

| Count | Charge | Sentence |
|---|---|---|
| Count 1 | Burglary while in possession of a deadly weapon | 48–120 months |
| Count 2 | Battery constituting domestic violence with use of a deadly weapon resulting in substantial bodily harm | 60–180 months, concurrent with Count 1 |
| Count 3 | Battery constituting domestic violence with use of a deadly weapon resulting in substantial bodily harm | 60–180 months, consecutive to Count 2 |
| Count 4 | Child abuse and neglect with substantial bodily harm | 60–180 months, consecutive to Count 3 |
| Count 5 | Child abuse and neglect | 24–60 months, consecutive to Count 3 |
| Count 6 | Child abuse and neglect | 24–60 months, concurrent with Count 5 |

(ECF Nos. 13-17, 13-18.)

appointed, and Nicholson filed a counseled supplemental petition. (ECF No. 14-19.) The State Court held an evidentiary hearing and denied the State Petition. (ECF Nos. 16-14, 16-28.) Nicholson appealed. The Nevada Court of Appeals affirmed the denial of relief. (ECF No. 18-27.) A remittitur issued on November 4, 2015. (ECF No. 18-28.)

Nicholson mailed the original federal petition initiating this case on August 8, 2016. (ECF No. 5 at 1 ("Original Petition").) The Court later appointed counsel and granted Nicholson leave to amend. (ECF No. 25.) He filed a counseled First Amended Petition for Writ of Habeas Corpus (ECF No. 38) ("Amended Petition") on March 5, 2019, alleging four grounds for relief.

Respondents now seek to dismiss Grounds I and IV as untimely and Ground IV as unexhausted.

### III. DISCUSSION

#### A. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The AEDPA limitations period is tolled while a "properly filed application" for post-conviction relief is pending before a state court. *Id.* § 2244(d)(2). But a pending federal habeas petition does not statutorily toll the AEDPA deadline. *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Here, the parties do not dispute that Nicholson's Original Petition was timely filed but the Amended Petition was not; thus, Grounds I and IV must relate back to his timely Original Petition to be deemed timely.

In habeas proceedings, when a petitioner alleges a new claim in an amended petition filed after the expiration of the AEDPA deadline, the new claim will be considered timely only if it relates back to a claim in a timely-filed petition. *Mayle v. Felix*, 545 U.S.

644 (2005). Although Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim' " in ordinary civil cases, Rule 2 of the Rules Governing Section 2254 Cases "requires a more detailed statement" in habeas cases as it "instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground'."[4] *Id.* at 649 (citing Fed. R. Civ. P. 8(a); Habeas R. 2(c)). Congress has authorized amendments to habeas petitions as provided in the Civil Rules. *Id.* (citing 28 U.S.C. § 2242). Under Rule 15, an untimely amendment properly "relates back to the date of the original pleading" as long as it arises out of the same "conduct, transaction, or occurrence." Fed. R. Civ. P. 15(c). For habeas petitions, "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims." *Mayle*, 545 U.S. at 659. New claims in an amended habeas petition do not arise out of "the same conduct, transaction or occurrence" as prior claims merely because they challenge the same trial, conviction, or sentence. *Id.* at 661. Rather, to properly relate back, a new claim must arise from the same collection of facts alleged in the earlier petition. *Id.* An amended petition "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type" from those alleged in the timely petition. *Id.* at 650.[5]

Respondents contend that Ground I does not relate back to claims in the Original Petition. In Ground I, Nicholson raises a substantive sufficiency-of-the-evidence claim: "The evidence adduced at trial was insufficient to prove the child abuse and neglect charges beyond a reasonable doubt, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments." (ECF No. 38 at 13-16.) Nicholson contends that Ground I

---

[4]The use of "Civil Rule" or "Civil Rules" in this order points to the Federal Rules of Civil Procedure while a "Habeas Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts.

[5]*See also Schneider v. McDaniel*, 674 F.3d 1144, 1151 (9th Cir. 2012) (holding that one shared fact in two divergent legal theories was "not sufficient to conclude that they arise out of a common *core* of operative facts"); *Hebner v. McGrath*, 543 F.3d 1133, 1134 (9th Cir. 2008) ("It is not enough that the new argument pertains to the same trial, conviction, or sentence.").

4

relates back to ground 1(b) of the Original Petition, which alleges a claim for ineffective assistance of counsel ("IAC"). Nicholson alleges that trial counsel inappropriately requested an advisory instruction to acquit because the State failed to present sufficient evidence to support the two counts of child abuse and neglect, when counsel knew the State Court gave a defective reasonable doubt instruction and, instead, should have objected and argued that the instruction omitted necessary elements of the offenses. (ECF No. 5 at 3.)

Although both claims share a common fact (*i.e.*, the State's purported failure to present sufficient evidence at trial), this is not sufficient to conclude that the claims arise out of a common core of operative facts. Original ground 1(b) is based on the alleged errors in the jury instructions on reasonable doubt and/or the elements of the child abuse and neglect offenses and trial counsel's performance in relation to the jury instructions. Amended Ground I is based on an alleged insufficiency in the evidence presented at trial. To resolve Ground I, the Court would examine the underlying trial evidence, specifically and expressly without regard to the jury instructions or trial counsel's performance, which would be the focus of a ground 1(b) analysis. Even with a common fact, the operative facts of the original and amended claim are markedly different. *See Schneider*, 674 F.3d at 1151. As such, Ground I does not relates back to ground 1(b) of in the Original Petition and the new claim is untimely. Ground 1 will be subject to dismissal as untimely unless Nicholson can demonstrate actual innocence.[6] As discussed below, the Court defers resolution of that issue until Nicholson addresses the mixed nature of the Amended Petition and this case thereafter is postured for merits review.

Respondents further argue that Ground IV arises from a new and different core of operative facts than the Original Petition. In Ground IV, Nicholson raises an IAC claim based on trial counsel's failure "to investigate and present defenses and mitigation based

---

[6] "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *Schlup v. Delo*, 513 U.S. 298 (1995); *House v. Bell*, 547 U.S. 518 (2006)).

on Nicholson's mental health and mental state," in violation of the Sixth and Fourteenth Amendments. (ECF No. 38 at 24-37.) Nicholson contends that Ground IV relates back to ground 2 of the Original Petition, which alleges an IAC claim based on trial counsel's "failure to investigate or present info pertaining to [his] psychiatric history." (ECF No. 5 at 5 (stating that "Nicholson did not possess sufficient intelligence or mental ability to understand the proceedings" and he suffered from "a mental disease / mental illness").) Respondents assert that Nicholson's early allegations point to his incompetence—not trial counsel's failure to "present defenses and mitigation" evidence based on his mental health and mental state. Nicholson insists that Ground IV is not really a new claim, rather, counsel merely supplemented the ground with evidence of what Nicholson attempted to set out and the claims share a core of operative facts.

Applying the liberal construction accorded to *pro se* filings under the governing law to the fullest possible extent, the Court is persuaded that Ground IV relates back to ground 2 of the Original Petition. Both are IAC claims based on trial counsel's failure to "present" information regarding Nicholson's mental health issues. The counseled Ground IV merely "expands or modifies the facts alleged in the earlier pleading, restates the original claim with greater particularity, or amplifies the details of the transaction alleged in the preceding pleading." *Ross v. Williams*, 950 F.3d 1160, 1168 (9th Cir. 2020) (citing 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1497 (3d ed. 2019) (internal brackets and quotation marks omitted)). Accordingly, Ground IV is timely.

### B. Exhaustion and Anticipatory Default

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 844-45 (1999)).

Nicholson acknowledges that Ground IV is unexhausted, but argues it is technically exhausted as he can demonstrate either actual innocence or cause and prejudice under *Martinez v. Ryan*, 566 U.S. 1 (2012), to overcome a procedural default.

A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

Here, it is clear that Nicholson would face multiple procedural bars if he were to return to State Court with unexhausted claims. *See, e.g.*, NRS § 34.726, 34.810. However, Nevada procedural bars can be excused with a showing of cause and prejudice or a fundamental miscarriage of justice (*i.e.*, actual innocence). With one exception,[7] Nevada's standards for excusing a procedural bar are substantially similar to the federal standards. Given the similarity of the standards, virtually any argument that a petitioner might present

---

[7]The sole exception is a claim that a procedural default may be excused pursuant to *Martinez*, which the Nevada Supreme Court has expressly declined to follow. *Brown v. McDaniel*, 130 Nev. 565, 571-76, 331 P.3d 867, 871-75 (2014) (en banc). In *Martinez*, the United States Supreme Court created a narrow, equitable rule that may allow a petitioner to establish cause for a procedural default where he failed to raise a substantial claim of ineffective assistance of trial counsel in initial-review collateral proceedings due to the absence or inadequate assistance of counsel. 566 U.S. at 16-17. Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that Nevada courts would hold the claim procedurally barred but he nonetheless has a potentially viable cause-and-prejudice argument under federal law that Nevada courts would not recognize when applying state procedural bars. Here, Petitioner raises an actual innocence claim; thus, he does not rely upon *Martinez*—and only *Martinez*—to excuse a procedural bar.

in federal court to overcome a procedural default can be presented to the state courts in the first instance. It is generally more appropriate for state courts to have the first opportunity to consider the application of conclusive procedural bars. *Cf. Gonzalez v. Wong*, 667 F.3d 965, 980 (9th Cir. 2011) (noting that, in the circumstances presented, a stay was appropriate because it provided the state courts with the first opportunity to resolve the claim). For these reasons, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner unequivocally stipulates that the unexhausted claims would be denied on state procedural grounds if he returned to state court to present the claims.

Nicholson raises *Martinez* as well as actual innocence to overcome any procedural bars. Nevada courts recognize actual innocence. Because he has potentially viable actual-innocence argument under the substantially similar federal and state standards, he cannot establish that the state court would hold his unexhausted claims procedurally barred. *Sandgathe*, 314 F.3d at 376. Accordingly, Nicholson's request for a finding of technical exhaustion is denied.

An initial review of the record and Amended Petition indicates that an actual-innocence determination is likely to be fact-intensive.[8] The procedural default and exhaustion doctrines "advance the same comity, finality, and federalism interests." *Davila v. Davis*, --- U.S. ----, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). These interests may be undermined if this Court were to address Nicholson's actual innocence claim in the first instance to overcome the untimeliness and/or lack of exhaustion as to Grounds I and IV. Accordingly, the Court defers consideration of Nicholson's actual innocence claim until he has addressed the mixed nature of the Amended Petition and this case thereafter is postured for merits review.

---

[8] It is unclear whether Nicholson's counsel has obtained all of the requested mental health records discussed in Ground IV of the Amended Petition. (*See* ECF No. 38 at 35 n.157, 37 n.161.)

## C. Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Nicholson's Amended Petition is mixed, he has three options: (1) file a motion to dismiss seeking partial dismissal of only the unexhausted claim(s); (2) file a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claim(s); and/or (3) file a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claim(s) in abeyance while he returns to State Court to exhaust the unexhausted claim(s).

## IV. CONCLUSION

Based on the foregoing, it is therefore ordered that Respondents' Motion to Dismiss (ECF No. 45) is granted in part and denied in part. The Court finds that:

   A. Ground I of the Amended Petition (ECF No. 38) is untimely.

   B. Ground IV is unexhausted.

   C. Analysis of Nicholson's actual-innocence claim is deferred until he has addressed the mixed nature of the Amended Petition and this case thereafter is postured for merits review. Respondents may reassert their timeliness argument for Ground I in their answer.

It is further ordered that, by May 6, 2020, Nicholson must either:

   A. File a motion to dismiss seeking partial dismissal of only the unexhausted claim(s);

   B. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claim(s); and/or

   C. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claim(s) in abeyance while he returns to state court to exhaust the unexhausted claim(s).

Failure to timely comply with this order will result in the dismissal of this mixed petition without further advanced notice.

DATED THIS 7th day of April 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE