UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| RICHARD NICHOLSON, | Case No. 3:16-cv-00486-MMD-WGC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

This habeas matter is before the Court on Petitioner Richard Nicholson's Motion to Stay (the "Motion") (ECF No. 56). Respondents do not oppose (ECF No. 57.)

Nicholson challenges a 2010 conviction and sentence in state court pursuant to jury trial. (ECF No. 13-18.) The First Amended Petition for Writ of Habeas Corpus (ECF No. 38) contains one unexhausted claim—Ground IV—a claim for ineffective assistance of counsel based on trial counsel's failure "to investigate and present defenses and mitigation based on Nicholson's mental health and mental state." (ECF No. 55.) Nicholson now seeks a stay and abeyance so he may exhaust Ground IV in state court.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of a federal court to facilitate a habeas petitioner's return to state court to exhaust claims. The Supreme Court stated that stay and abeyance should be available only in limited circumstances where a petitioner shows good cause for failing to exhaust his or her claim in state court, and such claim is not plainly meritless. *Id.* at 277. The Supreme Court went on to state that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances"

standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). This Court has declined to prescribe the strictest possible standard for issuance of a stay. "[G]ood cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)). Ineffective assistance of postconviction counsel can also constitute good cause. *Blake v. Baker*, 745 F.3d 977, 982-83 (9th Cir. 2014).

Nicholson argues that good cause exists because he did not learn of the basis for Ground IV while litigating his state post-conviction petition due to the ineffective assistance of post-conviction counsel. Ground IV is entirely based on the trial court records and medical records that trial counsel requested; thus, Nicholson contends that this claim should have been apparent to post-conviction counsel upon review of the record, and there was no strategic reason to forgo the claim. Given the potential significance of Nicholson's unexhausted claim, the Court finds that post-conviction counsel's failure to develop or pursue the legal and/or factual basis for the claims to be arguably ineffective. The Court further finds that Ground IV is not "plainly meritless," and Nicholson has not engaged in intentionally dilatory litigation tactics. The Court therefore grants the unopposed Motion.

In accordance with the foregoing, Nicholson's unopposed Motion to Stay (ECF No. 56) is granted.

It is further ordered that this action is stayed pending exhaustion of the unexhausted claim in the First Amended Petition for Writ of Habeas Corpus (ECF No. 38).

It is further ordered that the grant of a stay is conditioned upon Nicholson litigating his state post-conviction petition or other appropriate proceeding in state court and returning to federal court with a motion to reopen within 45 days of issuance of the

1  remittitur by the Supreme Court of Nevada at the conclusion of the state court
2  proceedings.
3      It is further ordered that the clerk shall administratively close this action, until such
4  time as the court grants a motion to reopen the matter.
5      DATED THIS 26th day of May 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE