1

2

3                        UNITED STATES DISTRICT COURT

4                              DISTRICT OF NEVADA

5                                    * * *

6    RICHARD NICHOLSON,                    Case No. 3:16-cv-00486-MMD-WGC

7                            Petitioner,                    ORDER

     v.
8
     RENEE BAKER, *et al.*,
9
                            Respondents.
10

11          Before the Court is Petitioner Richard Nicholson's Motion to Reopen Case. (ECF

12   No. 59.)

13          On May 26, 2020, the Court administratively closed this action while Petitioner

14   exhausted his unexhausted claims in state court. (ECF No. 58.) Petitioner has completed

15   his state court proceedings and now moves to re-open these federal habeas proceedings.

16   (ECF No. 59.) Respondents did not oppose this motion and the deadline to do so expired

17   without request for extension.

18          Petitioner represents that the claim raised in state court is already included in his

19   Amended Petition (ECF No. 38) and does not need to be supplemented unless the Court

20   prefers one with updated procedural history and statement of exhaustion.

21          Accordingly, it is ordered that Petitioner's motion to reopen case (ECF No. 59) is

22   granted.

23          It is further ordered that, as the stay is lifted by this Order, the Clerk of Court will

24   reopen the file in this action.

25          It is further ordered that Petitioner has until March 29, 2021, to file and serve a

26   second amended petition updating the procedural history and statement of exhaustion in

27   the Amended Petition.

28          It is further ordered that Respondents will have 60 days to answer, or otherwise

1    respond to, the Amended Petition for writ of habeas corpus in this case.

2        It is further ordered that Petitioner will have 60 days following service of the answer

3    to file and serve a reply brief. If a dispositive motion is filed, the parties will brief the motion

4    in accordance with Rules 7-2 and 7-3 of the Local Rules of Practice.

5        It is further ordered that any procedural defenses Respondents raise to the second

6    Amended Petition must be raised together in a single consolidated motion to dismiss.

7    Procedural defenses omitted from such motion to dismiss will be subject to potential

8    waiver. Respondents will not file a response in this case that consolidates their procedural

9    defenses, if any, with their response on the merits, except pursuant to 28 U.S.C.

10   § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek

11   dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single

12   motion to dismiss, not in the answer, and specifically direct their argument to the standard

13   for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th

14   Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with

15   the merits in an answer. All procedural defenses, including exhaustion, instead must be

16   raised by motion to dismiss.

17       It is further ordered that, in any answer filed on the merits, Respondents must

18   specifically cite to and address the applicable state court written decision and state court

19   record materials, if any, regarding each claim within the response as to that claim.

20       It is further ordered that any additional state court record and related exhibits must

21   be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate

22   index identifying each additional exhibit by number or letter. The index must be filed in

23   CM/ECF's document upload screen as the base document to receive the base docket

24   number (ECF No. 10). Each exhibit will then be filed as "attachments" to the base

25   document—the index—to receive a sequenced sub-docket number (ECF Nos. 10-1; 10-

26   2; 10-3). If the exhibits will span more than one filing, the base document in each

27   successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-

28   2(a)(3)(A).

1        Notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for

2 this case—*need not* be provided to chambers or to the staff attorney, unless later directed

3 by the Court.

4        DATED THIS 15th Day of March 2021.

6 _____

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3