UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD NICHOLSON,<br><br>　　　　　　　Petitioner,<br>　v.<br>RENEE BAKER, *et al.*,<br><br>　　　　　　　Respondents. | Case No. 3:16-cv-00486-MMD-WGC<br><br>ORDER |

This habeas matter is before the Court on Respondents' unopposed motion for enlargement of time (ECF No. 62). On March 15, 2021, the Court granted Petitioner Richard Nicholson's motion to reopen case and instructed Nicholson to file his second amended petition no later than March 29, 2021. (ECF No. 60.) The Court further instructed that Respondents had 60 days to answer or otherwise respond to the second amended petition. An answer was due on May 28, 2021.

When a party moves to extend a deadline before the original time expires and the stated reasons show good cause, the court may grant the extension. Fed. R. Civ. P. 6(b). After the deadline expires, the moving party must also show that "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); LR IA 6-1. Good cause primarily considers the diligence of the party seeking the extension. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993). To determine when neglect is excusable, the court takes "account of all relevant circumstances surrounding the party's omission," *Pioneer*, 507 U.S. at 395, and "conduct[s] the equitable analysis specified in *Pioneer* by examining 'at least four factors: (1) the danger of prejudice to the opposing party; (2) the

length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395)).

Respondents seek an additional 60 days to answer or otherwise respond to Nicholson's second amended petition. Respondents provide that they did not file a timely answer due to an inadvertent calendaring error and that Respondents would have nonetheless requested an extension prior to expiration of the filing deadline due to Respondents' counsel's heavy caseload. The Court is satisfied that Respondents filed the motion in good faith. The Court and the parties will benefit from receiving Respondents' response to the second amended petition. Because the delay in this case thus far is minimal, it has not had a significant impact on the proceedings and there is no danger of prejudice to Nicholson. Under these circumstances, the Court finds that Respondents' neglect is excusable.

It is therefore ordered that Respondents' Motion for Enlargement of Time (ECF No. 62) is granted. Respondents have until August 27, 2021 to answer or otherwise respond to Nicholson's second amended petition.

DATED THIS 21st Day of June 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE