UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD NICHOLSON,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>RENEE BAKER, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:16-cv-00486-MMD-WGC<br><br>ORDER |

　　　This is a habeas matter before the Court on the parties' joint stipulation to grant Petitioner Richard Nicholson leave to file a Third Amended Petition. (ECF No. 69.)

　　　On March 15, 2021, the Court granted Nicholson's motion to reopen the case and instructed Nicholson to file his Second Amended Petition updating the procedural history and statement of exhaustion. (ECF No. 60.) Respondents filed a motion to dismiss (ECF No. 64), and the Court found Claim 1 was subject to dismissal as untimely unless Nicholson demonstrates actual innocence. (ECF No. 55.) Nicholson mistakenly represented Claim 1 in his Second Amended Petition and requests leave to file a Third Amended Petition to clarify the procedural history of Claim 1 and restate the claim to preserve it for merits review. (ECF No. 69 at 3.) In addition, Nicholson requests leave to substitute Calvin Johnson as the Respondent because Nicholson is currently incarcerated at High Desert State Prison. (*Id*. at fn. 1.)

　　　Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the Court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted). The Court finds that none of the factors above weighs against allowing the amendment sought here, especially as Respondents do not oppose granting Nicholson leave to amend. Accordingly, pursuant to Fed. R. Civ. P. 15(a)(2), the Court finds that leave to amend is appropriate. Further, the Court denies Respondents' motion to dismiss (ECF No. 64) as moot and denies Nicholson's motion to extend (ECF No. 68) as moot. The Court sets forth a briefing schedule below.

It is therefore ordered that the parties' joint stipulation to grant Nicholson leave to file a Third Amended Petition (ECF No. 69) is granted.

It is further ordered that Respondents' motion to dismiss (ECF No. 64) is denied as moot.

It is further ordered that Nicholson's motion to extend (ECF No. 68) is denied as moot.

It is further ordered that within 15 days of the entry of this order, Nicholson will file his Third Amended Petition.

It is further ordered that Respondents will have 60 days following service of Nicholson's Third Amended Petition to answer, or otherwise respond to, the Third Amended Petition.

It is further ordered that Nicholson will have 45 days following service of Respondents' answer or response to file and serve a reply brief.

It is further ordered that all other deadlines and instructions set forth in the Court's scheduling order (ECF No. 60) will remain in effect.

DATED THIS 24th Day of November 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE