UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RICHARD NICHOLSON,<br><br>                       Petitioner,<br>      v.<br>RENEE BAKER, *et al.*,<br><br>                      Respondents. | Case No. 3:16-cv-00486-MMD-CSD<br><br>ORDER |

      Petitioner Richard Nicholson has filed a *pro se* motion to dismiss counsel (ECF No. 82). Respondents subsequently filed a motion to strike the motion to dismiss (ECF No. 83). For the reasons stated below, the Court will grant in part and deny in part Respondents' motion, and strike Nicholson's motion to dismiss.

      Respondents move to strike the motion, in part, because Nicholson failed to comply with the redaction requirements of the Local Rules, specifically LR IC 6-1(a)(2). (*Id*. at 3-4.) LR IC 7-1 permits the Court to "strike documents that do not comply" with the Local Rules.

      The Court finds that Nicholson's motion to dismiss contains numerous pages in which he failed to redact the following personal-data identifiers:

      1. Social security numbers as required by LR IC 6-1(a)(1), which provides that "[i]f an individual's Social Security number must be included, only the last four digits of that number should be used" (ECF No. 82 at 11);

      2. Names of minor children as required by LR IC 6-1(a)(2), which provides that "[i]f the involvement of a minor child must be mentioned, only the initials of that child should be used" (*Id*. at 4, 10-14, 17, 19, 21-22, 29, 31, 33-34);

      3. Dates of birth as required by LR IC 6-1(a)(3), which provides that "[i]f an

        individual's date of birth must be included, only the year should be used" (*Id.* at 11); and

    4. Home addresses as required by LR IC 6-1(a)(5), which provides that "[i]f a home address must be included, only the city and the state should be listed" (*Id.*).

Because the motion to dismiss contains violations of the redaction requirements of the Local Rules, the Court will grant the motion to strike on that basis. However, Nicholson may file a redacted copy of the motion to dismiss that is in full compliance with LR IC 6-1(a)(1)-(a)(3), (a)(5).

Respondents also contend that the motion to dismiss should be stricken because it includes "redundant, immaterial, impertinent, or scandalous matter" in violation of Fed. R. Civ. P. 12(f). (ECF No. 83 at 3-4.) Respondents specifically cite to pages 6-8 in Nicholson's motion. (*Id.*)

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court may act on its own or on a motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. *See* Fed. R. Civ. P. 12(f)(a)-(b).

Under the express language of Rule 12(f), only pleadings are subject to motions to strike. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to dismiss is not a "pleading" within the meaning of the Rule. *See* Fed. R. Civ. P. 7(a) (pleadings include "a complaint," "an answer to a complaint," "an answer to a counterclaim," "an answer to a crossclaim," "a third-party complaint," "an answer to a third-party complaint," and "a reply to an answer"); *see also Foley v. Pont*, Case No. 2:11-CV-01769-ECR-V, 2013 WL 782856, at *4 (D. Nev. Mar. 1, 2013) ("Motions to strike apply *only* to pleadings, and courts are unwilling to construe the rule broadly and refuse

to strike motions, briefs, objections, affidavits, or exhibits attached thereto") (emphasis in original).

Thus, the Court finds that the motion to dismiss (ECF No. 82) is not subject to a motion to strike under Rule 12(f) and will deny Respondents' motion on that basis.

It is therefore ordered that Respondents' Motion to Strike *Pro Se* Motion to Dismiss Counsel (ECF No. 83) is granted in part and denied in part. As explained herein, Nicholson may file a motion to dismiss counsel that fully complies with LR IC 6-1(a)(1)-(a)(3), (a)(5).

The Clerk of Court is directed to strike the document filed as ECF No. 82 from the docket.

DATED THIS 18th Day of August 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE